IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTINA PAUL, | CIVIL ACTION NO. 2:19-cv-920 |
| Plaintiff, | ELECTRONICALLY FILED |
| v. | |
| OSI RESTAURANT PARTNERS, LLC and BLOOMIN' BRANDS, INC. | COMPLAINT IN CIVIL ACTION |
| Defendants. | |

Filed on behalf of Plaintiff:

CHRISTINA PAUL

Counsel of Record for this Party:

Matthew C. Cairone

PA ID NO 49638

THE CAIRONE LAW FIRM PLLC

PMB 58

1900 MAIN ST, STE 107

CANONSBURG PA 15317-5861

(724) 416-3261

mcc@caironelawfirm.com

<u>JURY TRIAL DEMANDED</u>

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTINA PAUL, | CIVIL ACTION NO. 2:19-cv-920 |
| Plaintiff, | ELECTRONICALLY FILED |
| | COMPLAINT IN CIVIL ACTION |
| v. | |
| OSI RESTAURANT PARTNERS, LLC and BLOOMIN' BRANDS, INC. | |
| Defendants. | |

COMPLAINT

Plaintiff, Christina Paul, files this Complaint against Defendants OSI Restaurant Partners, LLC and Bloomin' Brands, Inc. and states the following:

I. Jurisdiction, Venue and Exhaustion of Administrative Remedies

1. This is an action for declaratory relief and money damages under Title I of The Americans with Disabilities Act (the "ADA"), 42 U.S.C. Sections 1211, et seq., as amended, and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. Sections 951-963.
2. This Court has original jurisdiction under 28 U.S.C. Section 1331.
3. Venue in this District is proper under 28 U.S.C. Section 1391(b) because the unlawful practices complained of occurred in this District.

4. In August 2018, Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging disability discrimination. This charge was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

5. On April 30, 2019, the EEOC issued a Notice of Right to Sue.

## II. Parties and Related Entities

6. Paragraphs 1 through 5 are incorporated.

7. Plaintiff, Christina Paul, is an adult citizen who resides in Bethel Park, PA ("Paul").

8. Paul was married to Jason Feth, who passed away on December 18, 2016.

9. Paul never legally changed her name to Christina Feth, but she used that name during her marriage and for purposes of her employment with OSI and/or BBI.

10. Plaintiff was an employee of OSI and/or BBI within the meaning of the ADA and the PHRA.

11. OSI is a Florida limited liability company with its principal place of business at 2202 N. West Shore Blvd., 5th Fl, Tampa, FL 33607 ("OSI").

12. Bloomin' Brands, Inc. is a Delaware corporation with its principal place of business at 2202 N. West Shore Blvd., Ste 500, Tampa, FL 33607 ("BBI").

13. OSI is a "person" and an "employer" within the meaning of the ADA and the PHRA.

14. BBI is a "person" and an "employer" within the meaning of the ADA and the PHRA.

## III. Facts Giving Rise To This Action

15. Paragraphs 1 through 14 are incorporated.

16. In or around September 2016, Plaintiff was hired as a server at the Outback Restaurant located at 25 McMurray Rd, Pittsburgh, PA 15421 (the "Outback").

17. In or around July 2017, Plaintiff was promoted to be the assistant manager at the Outback.

18. Shortly after her husband's death, Plaintiff started using opioids.

19. In or around February 2018, Plaintiff's use of opioids was such that she was addicted to them. At that time, she needed and sought counseling and treatment.

20. Plaintiff informed her boss at the Outback of her situation and of her need to get counseling and treatment for her addiction.

21. Up until February 2018, Plaintiff had performed her duties as the assistant manager professionally, competently, and successfully.
22. When Plaintiff reported to her employer her need for counseling and treatment, the manager of several Outback Restaurants in the Pittsburgh area, including the Outback, told Plaintiff: a) to go get treatment; b) to get the help she needed; and c) that her job at the Outback would be waiting for her if she successfully completed a rehabilitation program.
23. On or about March 24, 2018, Plaintiff successfully completed rehabilitation and contacted the Outback to return to work.
24. On or about March 24, 2018, the manager of the Outback abruptly terminated Plaintiff's employment.
25. The Outback was owned, operated, or franchised by OSI and/or BBI.

### IV. COUNT I - DISABILITY DISCRIMINATION

26. Paragraphs 1 through 25 are incorporated.
27. At all relevant times, Plaintiff was an employee of OSI and/or BBI within the meaning of the ADA.
28. At all relevant times, OSI and/or BBI was an employer of Plaintiff within the meaning of the ADA.
29. Addiction to alcohol, illegal drugs, or legal or prescription drugs can qualify as a disability under the ADA.
30. Plaintiff's addiction to opioids substantially limited one or more major life activities, specifically including her ability to work.
31. Plaintiff was a qualified individual with a disability at the time of her termination from employment because she had successfully completed a supervised drug rehabilitation program, was no longer engaging in the illegal use of drugs or in the use of prescription drugs inappropriately, had been successfully rehabilitated, and was participating in a supervised rehabilitation program.
32. In short, at the time of her termination, Plaintiff was a recovering, non-using addict.
33. At the time or her termination, Plaintiff was qualified for the position of assistant manager and able to perform its essential functions, with or without a reasonable accommodation.

34. The circumstances of Plaintiff's termination are: a) she sought permission from her employer for a leave of absence to get treatment for her addiction; b) she was given that permission with the promise that her job would be waiting for her if she successfully completed it; c) she successfully completed the rehabilitation; and d) after completing the rehabilitation and seeking to return to work she was summarily fired (the "Circumstances")
35. The Circumstances clearly suggest that she was subjected to a negative job action, termination from employment, based on her disability.
36. The Circumstances clearly suggest that her disability was the but for cause of her termination.
37. OSI's and BBI's actions constitute an intentional and unlawful employment practice and policy in violation of the ADA.

## REQUEST FOR RELIEF

For the reasons stated in this complaint, Plaintiff respectfully requests that the Court grant the following relief:

a. Declaratory relief in the form of a declaration that Defendants violated the ADA and the PHRA;
b. Reinstatement to the position of assistant manager at an Outback Restaurant in the Pittsburgh area;
c. Compensation for loss of income;
d. Back pay and front pay;
e. Compensatory damages, including for emotional distress;
f. Punitive damages:
g. Pre-judgment and post-judgment interest at the highest rate allowed by applicable law;
h. Costs incurred, including reasonable attorneys' fees to the extent allowed by statute and law; and
i. Such other relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on the matters alleged.

Respectfully submitted,

The Cairone Law Firm PLLC

<u>/s/ Matthew Cairone</u>

Matthew Cairone
PMB 58
1900 Main St, Ste 107
Canonsburg PA 15317-5861
(724) 416-3261
mcc@caironelawfirm.com
Attorney for Plaintiff